UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff/Respondent,           Case No. 12-20421
                                              Honorable Sean F. Cox
                                              Magistrate Judge David R. Grand

v.

MARVIN HUDGINS,

               Defendant/Movant.
_____/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION
UNDER §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [49]**

      Before the Court is *pro se* Movant Marvin Hudgins' ("Hudgins") Motion Under §2255 to Vacate, Set Aside, or Correct Sentence. (Doc. #49). Hudgins also filed a "Motion to Amend §2255 Petition" (Doc. #53), which was granted by the District Court on July 15, 2015 (Doc. #54). The government filed a response in opposition to Hudgins' §2255 motion (Doc. #55), and Hudgins then filed a reply brief (Doc. #61). On February 18, 2016, the government filed a supplemental response in opposition to Hudgins' §2255 motion (Doc. #69), after which Hudgins filed a "Sur-Reply Brief" on April 1, 2016 (Doc. #76).

      An Order of Reference was entered on September 11, 2015, referring Hudgins' §2255 motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #56). Having reviewed the briefing, the Court concludes that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," and, therefore, a hearing is not necessary. 28 U.S.C. §2255(b).

**I.      RECOMMENDATION**

      For the reasons set forth below, **IT IS RECOMMENDED** that Hudgins' Motion Under

§2255 to Vacate, Set Aside, or Correct Sentence (**Doc. #49**) be **DENIED**, and that a certificate of appealability also be **DENIED**.

## II.    REPORT

### A.    Background

The criminal charges at issue arose following Hudgins' arrest on May 1, 2012, in Detroit, Michigan.  On that date, Detroit Police Department officers stopped a car in which Hudgins was a passenger for a cracked windshield.  As the officers approached the vehicle, they saw Hudgins repeatedly reaching behind the driver's seat with his left hand, toward the rear floorboard area. According to the officers, Hudgins refused to comply with their requests to keep his hands up and in view.  The officers then shone a flashlight on the area and saw a loaded 9mm handgun lying on the floorboard, just behind the driver's seat.  Hudgins was arrested when he was unable to produce a license to lawfully carry the firearm.  Subsequent investigation determined that the firearm was stolen and that Hudgins had prior convictions for controlled substance offenses.

On May 14, 2012, a criminal complaint was filed against Hudgins, charging him with Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g)(1).  (Doc. #1).  Hudgins made an initial appearance on the complaint on May 15, 2012, and was ordered temporarily detained. On May 16, 2012, a detention/bond hearing was held and Hudgins was released on a $10,000 unsecured bond, with certain conditions.  (Doc. #7).

On June 4, 2012, a stipulation and order was filed to continue the preliminary examination and complaint from June 5, 2012, to June 29, 2012.  (Doc. #11).  On June 21, 2012, an Indictment was issued against Hudgins, charging him with being a Felon in Possession of a Firearm Following Three Serious Felony Offense Convictions in violation of 18 U.S.C. §922(g)(1) and §924(e).  (Doc. #12).  He was arraigned on June 29, 2012, and signed an

Acknowledgement of Indictment indicating his understanding that if he either pled guilty or was convicted, he faced "At least 15 years in prison …" (Doc. #13). Hudgins was again released on an unsecured bond. (Doc. #12). On August 28, 2012, a plea hearing was held and Hudgins requested a trial date. Hudgins was again expressly advised of the specific charges against him, and the potential sentence he faced if he were to either plead guilty or be convicted:

> It's a One Count Indictment charging felon in possession of a firearm that has as a sentencing component, an allegation of a 924(e) enhancement which would make it a mandatory minimum of 15 to life.

(Doc. #43 at 3). The court scheduled a trial date of October 15, 2012. (Doc. #17). On October 10, 2012, a First Superseding Information was filed charging Hudgins with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§922(g). (Doc. #23). Hudgins signed an Acknowledgement of Information indicating his understanding that, if convicted, depending on his criminal history, he could face a mandatory minimum sentence of 15 years in prison. (Doc. #25). Specifically, the Acknowledgement provided:

> I know that if I am convicted or plead guilty, I may be sentenced as follows:
>
> COUNT ONE:          Up to 10 years in prison …
>
> I also understand that if convicted of this offense, and it is determined that I have previously been convicted of at least three violent and/or serious drug felony offenses, that my sentence may be enhanced to 15 years to life imprisonment…
>
> In addition, I acknowledge that a grand jury previously indicted me in Count One of an Indictment charging me as a Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. §924(e), which included a penalty enhancement based upon my prior felony convictions. I am now choosing to proceed in this matter by way of a First Superseding Information. I have been advised and fully understand that this is being done for the purpose of trial and to prevent advice to the jury of my prior criminal felony convictions. I have also been advised that I may still be subject to a penalty enhancement under 18 U.S.C. §924(e), if convicted of the charges of the First Superseding Information.

3

(*Id.*).

Trial commenced as scheduled on October 15, 2012, and on October 16, 2012, Hudgins was found guilty of Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g).  (Doc. #27).  On March 12, 2013, Hudgins was sentenced to the mandatory minimum prison time of 180 months, to be followed by three years' supervised release.  (Doc. #39).  Hudgins filed a Notice of Appeal on March 15, 2013 (Doc. 37), arguing on appeal that there was insufficient evidence to support the verdict and a misreading of the verdict by the court clerk, which caused confusion and ambiguity.  On February 28, 2014, the Sixth Circuit Court of Appeals rejected Hudgins' arguments and affirmed his conviction.  (Doc. #47).

On May 27, 2015, Hudgins filed the instant motion to vacate sentence, claiming ineffective assistance of counsel by his appointed counsel, Federal Defender Rafael Villarruel. (Doc. #49).  On June 10, 2015, Hudgins also filed a motion to amend the prior motion to vacate (Doc. #53), which was granted.[1]

### B.    Legal Standard

Under 28 U.S.C. §2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or [] the court was without jurisdiction to impose such sentence, or [] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ."  28 U.S.C. §2255(a).  The movant must demonstrate the existence of "a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair

---

[1] Hudgins' motion to amend did not raise any additional bases for relief, but merely elaborated on issues he raised in his first filing.  Regardless, the Court will consider all of the arguments advanced in these filings in ruling on Hudgins' §2255 motion.

procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Further, good cause and actual prejudice must be shown if these issues were not raised on direct appeal. *See Harris v. Reed*, 489 U.S. 255, 258 (1989).

### C.      Analysis

Hudgins asserts one primary argument in support of his §2255 motion: that he received ineffective assistance of counsel. Specifically, Hudgins argues that his counsel was ineffective in six ways: (1) agreeing to adjourn the preliminary examination without Hudgins' express consent, and then failing to file a motion to dismiss the Indictment as being untimely filed; (2) advising him to enter into stipulations at trial pertaining to two elements of the Felon in Possession of a Firearm charge, which then required the government only to prove the "possession" element of the charge at trial; (3) failing to argue that his prior convictions do not qualify him for an enhancement under 18 U.S.C. §924(e), which would therefore make the sentence imposed excessive and unwarranted; (4) failing to give him sufficient advice concerning his waiver of the Indictment, which made the waiver not "knowingly" and "intelligently" entered into; (5) failing to adequately explain to him his "full sentencing exposure," causing him to reject a purported 10-year plea offer that he otherwise would have accepted; and (6) failing to object to the pre-sentence investigation report, as it determined that his prior drug convictions qualified him for an enhanced sentence under 18 U.S.C. §924(e) to a mandatory minimum of 180 months' imprisonment, following his conviction. Each of these arguments is addressed below.

### 1.      *The Applicable Legal Standard for Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel requires a movant to meet a two-part test – he

must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that this deficient performance was prejudicial to the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For counsel's performance to be deemed deficient, a defendant must overcome the strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance," with "[j]udicial scrutiny of counsel's performance [being] highly deferential." *Id.* at 689. Moreover, "deficient" lawyering requires professional service that was worse than merely "inadequate; rather it . . . [means a performance that] was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in original).

With respect to the prejudice prong, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* In ruling on claims of ineffective assistance of counsel, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

### 2. Stipulation to Adjourn Preliminary Examination and Failure to Move to Dismiss Indictment as Untimely

In his motion, Hudgins first argues that his attorney was ineffective because he stipulated to adjourn the preliminary examination in this matter, and, consequently, failed to file a motion to dismiss the Indictment as untimely. (Doc. #49 at 4, 5-6; Doc. #53 at 3-5).

Pursuant to Fed. R. Crim. Pro. 5.1(a), a defendant charged in a criminal complaint with a non-petty offense is entitled to a public preliminary hearing before a federal magistrate judge to

6

determine whether probable cause exists to believe that he committed the offense.   The preliminary hearing is required, unless it is waived by a defendant or an indictment or information is filed before the hearing.   *Id.*   This is because the filing of an information or indictment constitutes a determination of probable cause that makes the preliminary hearing unnecessary.   A preliminary hearing must occur within a reasonable time, but no later than fourteen days after the initial appearance if the defendant is in custody, and no later than twenty-one days if the defendant has been released on bond.  Fed. R. Crim. Pro. 5.1(c).

In this case, Hudgins initially appeared on the criminal complaint in this matter on May 15, 2012, and was ordered temporarily detained.  On May 16, 2012, a detention hearing was held and Hudgins was released on a $10,000 unsecured bond, with conditions.  (Doc. #7).  At the time of the detention hearing, the court set a preliminary examination date of June 5, 2012.  On June 4, 2012, however, a stipulation and order was filed to continue the preliminary examination from June 5, 2012, to June 29, 2012.   (Doc. #11).   The stipulation specifically provided that the extension of time was "necessary to allow the parties to further investigate the criminal history of the defendant and to engage in possible plea negotiations."   (*Id.* at 1).   A waiver of the Speedy Trial Act, 18 U.S.C. §3161, *et seq.*, time was included within the stipulation.    (*Id.*). Subsequently, on June 21, 2012, Hudgins was indicted on charges of Felon in Possession of a Firearm Following Three Serious Felony Offense Convictions, in violation of 18 U.S.C. §§922(g) and 924(e).  (Doc. #12).

In his motion, Hudgins asserts that "he **never** gave Attorney Villarruel his express consent" to stipulate to adjourn the preliminary examination, and "[b]ecause there was no consent from Movant Hudgins to continue his Preliminary Examination and Compliant [sic] the stipulation is **VOID** as a matter of Due Process of Law."  (Doc. #49 at 5 (emphasis in original)).

In an affidavit submitted with his motion, Hudgins further states:

> At no time on or before June 4, 2012, did my ex-lawyer Attorney Villarruel explain to me about stipulating to Continue Preliminary Examination and Complaint nor did, I give him consent to continue my Preliminary Exam and Complaint, and such a decision by my trial counsel to enter stipulation constituted ineffective assistance of counsel because there was no reasonable or tactical basis for counsel to stipulate to a continuation of my Preliminary Examination and Criminal Complaint when, I was proceeded to a jury trial.

(*Id.* at 16, ¶11).   Hudgins further argues that, because he never consented to adjourn the preliminary examination, his attorney should have filed a motion to dismiss the Indictment because it was not returned within thirty days of issuance of the criminal complaint, as required by the Speedy Trial Act, 18 U.S.C. §3162(a)(1).   (Doc. #49 at 5; Doc. #61 at 2-3).   Hudgins asserts that he was prejudiced by his attorney's deficient performance in this regard because "absent such unprofessional error, the result of the proceeding would have been different as his Criminal Complaint and Indictment would have likely been dismissed with or without prejudice in the matter herein."  (Doc. #53 at 5).  The Court disagrees.

As an initial matter, even accepting as true Hudgins' assertion that he did not expressly consent to adjourn the preliminary examination,[2] there is no indication that Mr. Villarruel's action in doing so constitutes deficient performance.   The stipulation itself indicates that the extension of time was "necessary to allow the parties to further investigate the criminal history of the defendant and to engage in possible plea negotiations."  (Doc. #11 at 1).  Specifically, the

---

[2] The Sixth Circuit has rejected Hudgins' argument that a criminal defendant must personally consent to such continuances.  *See, e.g., United States v. Baker*, 562 F. App'x 447, 453 (6th Cir. 2014) (noting that an "ends-of-justice continuance 'does not require a defendant's consent' and finding defendant's argument to the contrary "unavailing") (quoting *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009) and citing *United States v. Stewart*, 628 F.3d 246, 254 (2010) ("[E]ven though [defendant] did not provide his consent, the district court acted within its wide range of discretion in deciding to grant the motion for a continuance that was filed by [the defendant's] attorney.")).  This alone is a sufficient basis for rejecting Hudgins' argument.

adjournment was desired to permit verification of Hudgins' criminal history in order to determine whether he was subject to an enhancement under 18 U.S.C. §924(e), which would require a mandatory minimum of 180 months' imprisonment. If it was determined that Hudgins' prior convictions did not qualify him for the enhancement, he would have been charged with straight Felon in Possession of a Firearm, with a maximum sentence of only 120 months, which clearly would have been beneficial to Hudgins. Thus, applying the first prong of *Strickland*, Mr. Villarruel's action in stipulating to adjourn the preliminary examination – even absent Hudgins' express consent – was not deficient but, in fact, was prudent given the fact that he was seeking to avoid the §924(e) enhancement on his client's behalf.

Moreover, even if the Court were to consider the second *Strickland* prong, Hudgins cannot show that he was prejudiced by his counsel's agreement to adjourn the preliminary examination. Hudgins claims that he was prejudiced by his attorney's deficient performance in this regard because "absent such unprofessional error, the result of the proceeding would have been different as his Criminal Complaint and Indictment would have likely been dismissed <u>with or without prejudice</u>" because of a Speedy Trial Act violation. (Doc. #53 at 5 (emphasis added)). As Hudgins acknowledges, then, when a Speedy Trial Act violation occurs, the Court has the option of dismissing the charges with or <u>without prejudice</u>. *See* 18 U.S.C. §3161(a)(2); *United States v. Myers*, 666 F.3d 402, 404 (6th Cir. 2012). A dismissal without prejudice would permit the government to re-indict the defendant and proceed to trial. *See United States v. Turner*, 602 F.3d 778, 786 (6th Cir. 2010).

Here, Hudgins has not alleged – let alone demonstrated – that, but for his attorney's purportedly deficient performance, the district court would have dismissed the criminal charges <u>with prejudice</u>, thereby changing the result of the proceeding. In deciding whether to dismiss a

prosecution with or without prejudice for a Speedy Trial Act violation, a court considers several factors, including the seriousness of the offense; the facts and circumstances that led to the dismissal; and the impact of re-prosecution on the administration of the Speedy Trial Act and justice. *See United States v. Moss*, 217 F.3d 426, 430 (6th Cir. 2000). As to the first factor – the seriousness of the offense – courts have recognized that drug and firearm charges are serious offenses when considering whether to dismiss with or without prejudice. *See United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002). The second and third factors also would not have favored dismissal with prejudice, as there is no indication that the alleged Speedy Trial Act violation resulted from prosecutorial bad faith or that Hudgins suffered actual prejudice as a result of any delay. Thus, even if Hudgins' attorney had established a Speedy Trial Act violation, and had moved to dismiss the Indictment, it is very likely the charges against him would have been dismissed <u>without prejudice</u>. Because the outcome of the proceedings would not have been different, then, had Mr. Villarruel moved to dismiss the Indictment, Hudgins has not shown prejudice. Thus, this aspect of his ineffective assistance of counsel claim lacks merit. *See McAuliffe v. United States*, 514 F. App'x 542, 546 (6th Cir. 2013).

### 3. Stipulation to Elements of Felon in Possession of a Firearm Charge

As set forth above, Hudgins was charged with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g). To establish this offense, the government was required to prove, beyond a reasonable doubt, that: (1) the defendant knowingly possessed a firearm; (2) the firearm had traveled in or affected foreign or interstate commerce; and (3) the defendant had a previous felony conviction. *See United States v. Moreno*, 933 F.2d 362, 372 n. 1 (6th Cir. 1991). Hudgins now argues that his attorney was ineffective because he advised Hudgins to stipulate to two of these three elements – that the firearm had traveled in or affected foreign or interstate commerce, and that he previously had been convicted of a felony offense. (Doc. #49 at 4, 6-7;

10

Doc. #53 at 6-8).  According to Hudgins, Mr. Villarruel's performance was deficient because "there was no reasonable or tactical basis" for such stipulations.  (Doc. #49 at 4).  The Court finds no merit to this argument.

First, as to Hudgins' argument that trial counsel's performance was deficient in advising him to stipulate that the firearm recovered previously had traveled in or affected foreign or interstate commerce, he does not rebut the government's evidence that the firearm in question was manufactured outside the state of Michigan, which satisfies this element of the underlying offense.  (Doc. #55 at 14-15 (citing *United States v. Wolak*, 923 F.2d 1193 (6th Cir. 1991)); Doc. #45 at 47).  The Court finds that Mr. Villarruel's actions in entering into this stipulation were not deficient or unreasonable but, rather, were a matter of sound trial strategy.  *See, e.g., United States v. Bedford*, 354 F. App'x 319, 321 (10th Cir. 2009) (trial counsel not ineffective in stipulating that firearm moved in interstate commerce where it was "a fact that he knew the government could establish with minimal effort").  Thus, the Court finds no ineffective assistance of counsel with respect to Mr. Villarruel's advice to enter into this stipulation.

Second, as to the element of the Felon in Possession of a Firearm charge that Hudgins had a prior felony conviction, *see* 18 U.S.C. §922(g)(1), the government was merely required to produce evidence of Hudgins' prior criminal history at trial.  Recognizing that the presentation at trial of such evidence would be prejudicial to a defendant because the jury would be made aware of the nature of his prior convictions, a practice has been established by which a criminal defendant is permitted to stipulate to a prior felony conviction without specifically identifying the nature and type of that conviction.  *See, e.g., Old Chief v. United States*, 519 U.S. 172 (1997).  Specifically, such a stipulation is permitted when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is

11

solely to prove the element of prior conviction.  *See Old Chief*, 519 U.S. at 174.

In this case, the stipulation entered into fully complied with *Old Chief*:  it did not mention the type of felony conviction or the nature of the offense but, rather, merely indicated that, prior to May 1, 2012 (the date of the charged offense), Hudgins had been convicted of at least one felony offense.[3]  (Doc. #45 at 46).  There is no indication that Mr. Villarruel's actions in advising Hudgins to enter into this stipulation were deficient; indeed, such actions appear to have been taken to protect Hudgins' rights and to avoid any prejudice or improper jury taint.[4]  While Hudgins maintains that an evidentiary hearing is necessary on this issue because the government "failed to produce a sworn affidavit from his trial counsel to shed more light as to why trial counsel stipulated away two essential elements of §922(g)(1)" (Doc. #61 at 5), the Court disagrees.  Courts have recognized that "factual stipulations to elements of a crime are often the product of a sound trial strategy."  *United States v. Monaghan*, 409 F. App'x 872, 877 (6th Cir. 2011).  Indeed, the *Monaghan* court explicitly noted:  "For example, where a prior felony conviction is an element of the offense, a sound strategy may be to stipulate to the existence of the conviction rather than allow the jury to hear details about the earlier crime."  *Id.*  The Court

---

[3] Hudgins erroneously claims that the stipulation itself "automatically subjected [him] to a 15 [year] mandatory minimum sentence ...."  (Doc. #61 at 6).  As set forth above, despite the fact that Hudgins stipulated to two of the three elements of the Felon in Possession of a Firearm charge, the government still had to prove that Hudgins knowingly possessed a firearm before he was subject to a mandatory minimum sentence of 180 months.

[4] In support of his argument that his attorney's performance was deficient, Hudgins argues that, rather than advising him stipulate to a prior felony conviction, he "should have filed a Motion to exclude mention of prior convictions related to Hudgins" because "evidence of his prior Delivery convictions would have been inadmissible because not relevant to the charged offense of §922(g)(1) ...."  (Doc. #53 at 7 (citing *United States v. Haywood*, 280 F.3d 715 (6th Cir. 2002); Doc. #76 at 6).  This argument simply misapprehends the law.  As the Sixth Circuit has recognized, because "being a felon is an element of a felon-in-possession offense," the government is required to produce evidence that a defendant had at least one prior felony conviction; thus, if the defendant declines to stipulate, he has "no cause to complain about the introduction of evidence proving that he was in fact a convicted felon."  *United States v. Davis*, 515 F. App'x 486, 488 (6th Cir. 2013).

finds the same to be true here and, thus, concludes that Hudgins has not overcome the

presumption that the stipulation was part of a sound trial strategy.[5]

### 4.    *Sentence Enhancement under 18 U.S.C. §924(e)*

As set forth above, following a jury trial, Hudgins was convicted of being a Felon in

Possession of a Firearm, in violation of 18 U.S.C. §922(g).  His sentence was enhanced, pursuant

to 18 U.S.C. §924(e), which provides:

> In the case of a person who violates section 922(g) of this title and has
> three previous convictions by any court referred to in section 922(g)(1) of
> this title for a violent felony or a serious drug offense, or both, committed
> on occasions different from one another, such person shall be fined under
> this title and imprisoned not less than fifteen years ….

The statute further defines a "serious drug offense," in relevant part, as:

> … (ii) an offense under State law, involving manufacturing, distributing,
> or possessing with intent to manufacture or distribute, a controlled
> substance … for which a maximum term of imprisonment of ten years or
> more is prescribed by law ….

18 U.S.C. §922(e)(2)(A)(ii).

Hudgins now argues that his attorney was ineffective in failing to object to the

enhancement of his sentence under 18 U.S.C. §924(e).  (Doc. #49 at 4, 7-8; Doc. #53 at 8-11).

Specifically, Hudgins argues that in light of the United States Supreme Court's intervening

decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), his three state court convictions –

for Delivery/Manufacturing of Cocaine, Less than 50 grams – do not constitute "serious drug

offenses" under §924(e) because "pursuant to Michigan Law 'knowledge' or 'knowingly' is not

an element of his Delivery convictions … as required to qualify as a federal generic offense …."

(Doc. #49 at 7; Doc. #53 at 8).  According to Hudgins, then, although he was convicted of three

---

[5] Moreover, no real argument can be made that Hudgins was prejudiced by this stipulation in any
event.  The government had certified copies of each of Hudgins' prior convictions and easily
could have entered that evidence into the record at trial.

delivery/manufacturing offenses under state law, "without proof of mens rea," he could not have been convicted "under section 841(a)(1) in federal court" and, therefore, these offenses cannot form the basis of a §924(e) enhancement. (*Id.* at 7-8). This argument is without merit.[6]

As set forth above, an attorney's performance is deficient if, given all of the circumstances, his performance falls outside of accepted professional conduct. *See Strickland*, 466 U.S. at 690. Here, while Mr. Villarruel did not challenge Hudgins' prior drug convictions as predicate offenses under §924(e), applicable precedent foreclosed – and still forecloses – such an argument. Indeed, it is well-settled that a drug offense in violation of MCL 333.7401 constitutes a "serious drug offense" for purposes of the §924(e) enhancement. *See, e.g., United States v. Jordan*, 509 F. App'x 532, 535 (6th Cir. 2013); *United States v. Smith*, 2015 WL 5729114, at *10, n. 7 (E.D. Mich. Sept. 30, 2015); *United States v. Robinson*, 2008 WL 6043772, at *3 (E.D. Mich. Oct. 22, 2008). Given the existing law, Mr. Villarruel was not constitutionally ineffective in failing to challenge the use of Hudgins' prior delivery/manufacturing convictions for enhancement under §924(e). Hudgins' argument to the contrary fails, as courts have recognized that *Descamps* is not applicable on the facts of this case. *See United States v. Samuel*, 580 F. App'x 836, 842-43 (11th Cir. 2014) (rejecting arguments made herein and finding §924(e)(2)(A)(ii) "self-defining").

### 5.   *Waiver of Indictment*

Hudgins next argues that his attorney was ineffective in "failing to object to the government's Constructive Amendment of his Indictment by their October 11, 2012, First

---

[6] Hudgins further argues that "the U.S. Department of Justice issued a nationwide directive 'instructing federal prosecutors to refrain from asserting that *Descamps* is not retroactive on collateral review' …." (Doc. #53 at 10 (quoting *Parker v. Walton*, 2014 WL 1242401, at *2 (S.D. Ill. Mar. 26, 2014)). The Court need not address the merits of this argument, as it finds *Descamps* inapplicable on the facts of this case, as more fully discussed herein.

Superseding Information, which was not returned by the Grand Jury ….”  (Doc. #53 at 11-12).

Specifically, Hudgins alleges that “absent his ex-lawyer’s erroneous advisement [to waive

indictment by grand jury] he would **never** have consented to proceeding to jury trial upon a mere

Information ….”  (Doc. #49 at 13).

As set forth above, Hudgins was indicted on a charge of “Felon in Possession of a

Firearm Following Three Serious Felony Offense Convictions,” in violation of 18 U.S.C.

§§922(g)(1) and 924(e).  (Doc. #12).  The Indictment specifically set forth Hudgins’ <u>three</u> prior

criminal convictions, for “violent and/or serious drug felony offenses,” which warranted

enhancement under 18 U.S.C. §924(e).  (*Id.*).  At the time of trial, Hudgins agreed that

presenting the Indictment to the jury in that detailed form would prejudice him; as such, the

parties prepared and submitted a First Superseding Information, which included only the Felon in

Possession of a Firearm offense and contained no mention of Hudgins’ three prior criminal

convictions.  (Docs. #23, 25).  Hudgins signed an Acknowledgment of First Superseding

Information, in which he specifically indicated that he was “choosing to proceed in this matter by

way of a First Superseding Information” and that he had “been advised and fully underst[ood]

that this [was] being done for the purpose of trial and to prevent advice to the jury of [his] prior

criminal felony convictions.”  (Doc. #25 at 1).  No new charges were added, and the case

proceeded to trial on the same charge included in the Indictment (Felon in Possession of a

Firearm).  Given these facts, Hudgins has not demonstrated that his attorney was deficient in

advising him to proceed to trial on the First Superseding Information (as opposed to the

Indictment, which detailed his criminal history), or that the agreed-upon procedure prejudiced

him in any way.  As such, this argument is without merit.

6.    *Plea Offer*

Next, Hudgins argues that Mr. Villarruel provided him with ineffective assistance of

15

counsel where his "erroneous advisement led to a 10-year plea offer rejection." (Doc. #49 at 9-10; Doc. #53 at 12-16). Specifically, in an affidavit submitted with his §2255 motion, Hudgins avers that, prior to the start of his jury trial in October 2012, Mr. Villarruel "called [him] into his law office [and] informed [him] that he could get [him] a plea deal to 10 years in prison." (Doc. #49 at 18). Hudgins further asserts, however, that Mr. Villarruel "**never** actually shown [sic] Mr. Hudgins any plea offer from the government and he failed to adequately explain his 'sentencing exposure' as required by Sixth Circuit precedents …." (Doc. #49 at 9 (emphasis in original)). Hudgins further asserts that Mr. Villarruel "specifically advised [him] that he would receive **180 months** in federal prison" and, therefore, he was "not fully aware of his full sentencing exposure" (namely, that the advisory guideline range was 188-235 months). (*Id.* (emphasis in original); Doc. #53 at 13). According to Hudgins, if his attorney had made him "fully aware that by going to trial … there is a chance [he] could receive **235 months** in federal prison," Hudgins asserts that "he would have accepted the 10 year deal from the government …." (*Id.* (emphasis in original)).

There are several problems with Hudgins' arguments on this issue. First, although Hudgins asserts in his affidavit that Mr. Villarruel told him that "he could get [him] a plea deal to 10 years in prison" (Doc. #49 at 18),[7] the government denies that this is the case, saying that because of Hudgins' prior criminal convictions, a reduced plea was not offered to him. (Doc. #55 at 18). According to the government, then, Hudgins' "only options were to plead guilty to

---

[7] On October 22, 2015, Hudgins filed a "Motion to Expand the Scope of §2255 Proceedings Record," in which he urges the Court to consider "the attached sworn affidavit from his mother Jennifer C. Bray." (Doc. #62). The government opposes this motion. (Doc. #65). The Court has considered Ms. Bray's affidavit and finds it to be of no relevance to the salient question, as Ms. Bray has no personal knowledge of any discussions that took place between Hudgins and his attorney. Accordingly, in a separate Order filed this same date (Doc. #78), the Court will deny Hudgins' motion to expand the scope of the proceedings (Doc. #62).

the charges, with a mandatory minimum period of imprisonment of 180 months, or proceed to trial." (*Id.*). Hudgins argues that the government's "bare allegation[] that no plea was extended" – made in its response brief and not supported by an affidavit – is insufficient. (Doc. #76 at 15). The Court agrees with this particular argument, and notes that the government failed to submit admissible evidence in support of its naked assertion that no plea deal was offered.

However, even assuming that Hudgins is correct in alleging that he was offered (and rejected) a 10-year plea deal, he still cannot succeed on his ineffective assistance of counsel claim. Hudgins claims that his attorney "specifically advised [him] that he would receive **180 months** in federal prison" and, therefore, he was "not fully aware of his full sentencing exposure" (namely, that the advisory guideline range was 188-235 months). (*Id.* (emphasis in original); Doc. #53 at 13). According to Hudgins, if his attorney had made him "fully aware that by going to trial … there is a chance [he] could receive **235 months** in federal prison," Hudgins asserts that "he would have accepted the 10 year deal from the government …." (*Id.* (emphasis in original)). The problem, however, is that the record demonstrates that Hudgins was advised – on multiple occasions – that if he chose to go to trial and was convicted, he could be sentenced to *more than 180 months* (15 years) in prison. For example, at his August 28, 2012 Plea Hearing, Mr. Villarruel specifically indicated that Hudgins had been charged with Felon in Possession of a Firearm, which was subject to a §924(e) enhancement, "which would make it a mandatory minimum of 15 to life." (Doc. #43 at 3). In his Acknowledgement of Information, executed on October 11, 2012, Hudgins indicated his understanding that "if convicted of this offense, and it is determined that I have previously been convicted of at least three violent and/or serious drug felony offenses, that my sentence may be enhanced to 15 years to life imprisonment…" (Doc. #25). And, on the first day of trial, the following colloquy took place:

17

THE COURT:  All right.  The charge is one Count of Felon In Possession Of A Firearm.  And it carries with it a maximum sentence of up to ten years in prison, a $250,000 fine or both.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And it's also potentially subject to an enhancement if there had been – if you have been convicted of at least three violent and/or serious drug felonies.  <u>That would result in a possible enhancement of 15 years to life imprisonment, a $250,000 fine or both.  Do you understand that?</u>

THE DEFENDANT:  <u>Yes.</u>

                    *       *       *

THE COURT:  For the purpose of entering a plea, do you believe you had enough time to discuss this matter with your lawyer.

THE DEFENDANT:  Yes.

THE COURT:  And how does the defendant wish to plead?

MR. VILLARRUEL:  Not guilty, your Honor.

(Doc. #44 at 4-5 (emphasis added)).  Thus, it is abundantly clear that Hudgins was repeatedly advised and understood that, if he chose to proceed to trial, he could receive far more than 180 months' imprisonment (indeed, he was advised that he could receive up to life imprisonment).  For this reason, even if Hudgins' counsel's performance was deficient in failing to adequately explain Hudgins' sentencing exposure – which the Court does not find to be the case – Hudgins cannot establish prejudice, as he was made aware of his full sentencing exposure, on the record, on multiple occasions, and indicated that he understood that exposure.  *See, e.g., United States v. Jones*, 2015 WL 2342867, at *6 (E.D. Ky. May 14, 2015) (no prejudice to movant, even if counsel failed to explain sentencing guidelines, where information was provided to him in open court).  Thus, this portion of Hudgins' ineffective assistance of counsel claim fails.

        7.        *Pre-Sentence Report/Prior Convictions*

        Finally, Hudgins argues that his attorney was ineffective in failing to object to the pre-

sentence investigation report ("PSR"), as it determined that his prior drug convictions qualified

him for the enhancement under 18 U.S.C. §924(e) to a mandatory minimum of 180 months'

imprisonment following his conviction after trial.  (Doc. #49 at 10-12; Doc. #53 at 16-18).

Hudgins' prior convictions used for the enhancement of his sentence under 18 U.S.C. §924(e)

included:  (1) a 2007 Delivery/Manufacturing of Cocaine, Less than 50 grams conviction (Case

No. 07-010403); (2) a 2007 Delivery/Manufacturing of Cocaine, Less than 50 grams conviction

(Case No. 07-010401); and (3) a 2007 Delivery/Manufacturing of Cocaine, Less than 50 grams

conviction (Case No. 09-009782).  (Doc. #12).  In his §2255 motion, Hudgins' asserts that two

of his three prior convictions (the 2007 convictions) were "part of the same criminal episode" –

occurring "within a relatively short time period" and "consolidated for guilty plea & sentencing

proceeding which lead [sic] to a single judgment being issued for the two 2007 Delivery

convictions."  (Doc. #49 at 10, 11).  Hudgins therefore argues that Mr. Villarruel was deficient in

failing to object to the PSR, claiming that there is a "reasonable probability" that the government

would not have been able to establish that the 2007 convictions were for crimes committed "on

occasions different from one another," as required for enhancement under 18 U.S.C. §924(e).

(*Id.*).  This argument is without merit.

18 U.S.C. §924(e) provides, "In the case of a person who violates section 922(g) of this

title and has three previous convictions by any court referred to in section 922(g)(1) of this title

for a violent felony or a serious drug offense, or both, <u>committed on occasions different from one

another</u> … shall be fined under this title and imprisoned not less than fifteen years …."

(Emphasis added).  The issue of whether crimes were committed "on occasions different from

one another" was addressed by the Sixth Circuit in *United States v. Barbour*, 750 F.3d 535 (6th

Cir. 2014), a case cited by Hudgins.  In that case, the court held that, as a preliminary matter, it is

the government's burden to establish that each crime was committed on a different occasion.  *Id.* at 542.  In making this determination, courts are to consider three factors:  (1) whether it is possible to discern the point at which the first offense was completed, and the subsequent point at which the second offense began; (2) whether it would have been possible for the offender to cease his criminal conduct after the first offense and withdraw without committing the second offense; and (3) whether the offenses were committed in different residences or business locations.  *Id.* at 540.

The government asserts that Hudgins' first 2007 conviction was the result of an arrest on May 8, 2007, which involved a narcotics transaction between Hudgins and another man.  (Doc. #55 at 20).  The second 2007 conviction was a result of an arrest that occurred on May 14, 2007, also involving a different narcotics transaction between Hudgins and another man.  (*Id.* at 21).  Hudgins does not dispute the circumstances of either of these offenses.  Applying the factors set forth in *Barbour*, then, the two offenses were committed on two different days, nearly a week apart, and involved different individuals; thus, one can discern the point at which the first offense was completed, and the subsequent point at which the second offense began, and Hudgins could have ceased his criminal conduct after the first offense and withdrawn without committing the second offense.  Thus, Hudgins has not established that his counsel was ineffective in failing to object to the PSR, where it clearly established that Hudgins' 2007 crimes were "committed on occasions different from one another," as required for enhancement under 18 U.S.C. §924(e).  The fact that two of these crimes may have occurred within a relatively short period of time and, thus, been consolidated for guilty plea and sentencing is simply not relevant to the determination.[8]  *See United States v. Taylor*, 301 F. App'x 508, 520-21 (6th Cir. 2008).

---

[8] Moreover, although Hudgins asserts that he was prejudiced by Mr. Villarruel's failure to object

For all of these reasons, Hudgins has not established ineffective assistance of counsel and, thus, his §2255 motion [49] should be denied.

## III.   CERTIFICATE OF APPEALABILITY

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. *See* 28 U.S.C. §2253(c)(1)(A), (B).[9]  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits

---

to the PSR because "there is a reasonable probability that the government would not have been able to produce *Shepard*-approved materials to meet their burden of proof" (Doc. #53 at 18), there simply is no indication this is the case.  The case cited by Hudgins, *Shepard v. United States*, 544 U.S. 13, 26 (2005), provides that when a court is determining whether a defendant's prior convictions were for "violent felonies" or "serious drug offenses" within the meaning of §924(e), and the statutory definition of the underlying offense is ambiguous, the court may refer to the charging document, the terms of a plea agreement, or some comparable judicial record. But, Hudgins has offered no evidence suggesting that such a showing could not have been made. And, more importantly, courts have found that, where the charging papers connected to the offenses at issue leave no doubt that the defendant was convicted of a serious drug offense within the meaning of §924(e), the court need look no further before enhancing his sentence.  *See United States v. Jordan*, 2014 WL 2116230, at *3 (E.D. Mich. May 21, 2014).  Accordingly, and in light of the other evidence discussed above about Hudgins' prior convictions, he has not satisfied the prejudice prong of *Strickland*.

[9] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, 28 U.S.C. §2255, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In light of this requirement, the Court includes here a recommendation regarding the certificate of appealability issue.

review, but must limit its examination to a threshold inquiry into the underlying merits of the petitioner's claims. *Id.* at 336-37.

Based on this Court's above analysis, Hudgins' arguments do not satisfy the standards necessary for a COA to issue. Accordingly, his request for a COA should be denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's Motion Under §2255 to Vacate, Set Aside, or Correct Sentence [**49**] be **DENIED** and that a certificate of appealability also be **DENIED**.


Dated: May 31, 2016                                  s/David R. Grand
Ann Arbor, Michigan                                  DAVID R. GRAND
                                                     United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich.

LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 31, 2016.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager