UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                                Case No. 12-20421

Marvin Hudgins,                    Sean F. Cox
                                                      United States District Court Judge

    Defendant/Movant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR CORRECTION OF RECORD (D.E. NO. 96)**

Following a jury trial, Defendant/Respondent Marvin Hudgins ("Hudgins") was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

Hudgins filed a direct appeal and the United States Court of Appeals for the Sixth Circuit affirmed his conviction. *United States v. Hudgins*, Appeal Case No. 13-1321 (D.E. No. 47).

Acting *pro se*, Hudgins filed a Motion under § 2255 to Vacate, Set Aside, or Correct Sentence. This Court denied Hudgins' § 2255 motion on September 1, 2016. Hudgins sought to appeal that ruling, but the Sixth Circuit declined to issue Hudgins a certificate of appealability in an order that stated that reasonable jurists would not debate this Court's denial of the motion. (*See* D.E. No. 95).

On October 4, 2016, Hudgins filed a "Motion To Alter Or Amend A Judgment." (Docket Entry No. 88). This Court denied that motion in an order issued on February 8, 2017, explaining that "Hudgins's motion is not based on any of Fed. R. Civ. Pro. 59(e)'s permissible grounds.

1

Rather, Hudgins's motion simply continue to present the same arguments contained in his prior filings, which have already been considered and addressed by this Court and/or the Sixth Circuit Court of Appeals."

On August 22, 2017, Hudgins filed a *pro se* "Motion for Correction of the Record," (D.E. No. 96), filed pursuant to Fed. R. Crim. P. 36.

As explained in *United States v. Gianfortuna*, 2014 WL 4594820 (E.D. Mich. Sept. 15, 2014):

> Rule 36 permits a court to correct a clerical error at any time: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Civ.P. 36.
>
> The Sixth Circuit has clarified that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004) (quoting *United States v. Coleman,* 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug.15, 2000). Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court. *United States v. Werber,* 51 F.3d 342, 347 (2d Cir. 1995) (Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself.").

*Id.* at *1. As such, alleged wrong or inaccurate information contained in a presentence report is simply not the type of "clerical error" encompassed by Rule 36. *United States v. Gianfortuna, supra*; *United States v. Hall*, 2008 WL 924529 (S.D. Ohio 2008) ("The correction Defendant requests is not the result of a clerical error, but rather a factual dispute underlying a past criminal conviction, and therefore, the Court lacks the jurisdiction to amend Defendant's PSR.").

Accordingly, even if[1] Hudgins's PSR contained wrong or inaccurate information regarding one of his prior criminal convictions, this Court lacks the jurisdiction to amend the PSR at this juncture. This motions is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated: January 30, 2018  s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on January 30, 2018, the foregoing document was served on counsel of record via electronic means and upon Marvin Hudgins via First Class mail at the address below:

Marvin Hudgins 47239039
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

s/J. McCoy
Case Manager

---

[1] Moreover, as explained in the Government's response brief, there does not appear to be an error in the PSR.