UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                            Criminal Case No. 12-20421

Marvin Hudgins,                    Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Marvin Hudgins ("Defendant") was convicted of being a felon in possession of a firearm and was sentenced to a term of 180 months imprisonment as an armed career offender.  The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19").   This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because his medical conditions increase the risk for adverse effects, if he should contract the virus.  The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs.  As explained below, the Court shall DENY the motion because: 1) Defendant poses a danger to the community and thus his release would not be consistent with applicable policy statements issued by the Sentencing Commission; and 2) because the 18 U.S.C. § 3553(a) sentencing factors do not favor his release.

## BACKGROUND

In this criminal case, Defendant was convicted of being a felon in possession of a firearm and was sentenced to a term of 180 months imprisonment as an armed career offender.

Defendant began serving his sentence on June 3, 2013. Defendant is currently housed at FCI Milan.

Defendant is 42 years old. It is undisputed that Defendant is morbidly obese and, as a result, suffers from multiple medical conditions. Those conditions include hypertension, exercise-inducted asthma, and chronic DVT. Defendant is considered pre-diabetic and has a tracheostomy, that allows oxygen to be delivered more easily to the lungs.

Defendant filed his Motion for Compassionate Release on July 16, 2020  The Government acknowledges that Defendant exhausted his administrative remedies but opposes the motion on the merits.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the

"applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted).

Here, Defendant's medical records establish that he is morbidly obese and suffers from several medical conditions. The Government acknowledges that given the heightened risk that COVID-19 poses to someone with those conditions, Defendant has satisfied the first eligibility threshold for compassionate release during this pandemic. (*See* Govt.'s Br. at 18-19).

But the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant has a lengthy criminal history and was sentenced as an armed career offender.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against

Defendant's request for compassionate release. Defendant's criminal conduct was serious, as he convicted of being a felon in possession of a firearm. And allowing Defendant to be released after serving less than half of his sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 4, 2020