UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                  Criminal Case No. 12-20421

Marvin Hudgins,               Sean F. Cox
                                                    United States District Court Judge
    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION

In this criminal action, Defendant Marvin Hudgins ("Defendant") was convicted of being a felon in possession of a firearm and was sentenced to a term of 180 months imprisonment as an armed career offender.

The matter recently came before the Court on Defendant's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19").  The motion asked the Court to allow Defendant to serve the remainder of his sentence at home because his medical conditions increase the risk for adverse effects, if he should contract the virus. After full briefing by the parties – including a *pro se* reply brief filed by Defendant –  this Court denied the motion in an Opinion and Order issued on September 9, 2020.  (ECF No. 119).

Thereafter, on September 18, 2020, attorney Sheldon Halpern filed a Motion for Reconsideration on Defendant's behalf, asking this Court to reconsider its decision. (ECF No. 120).

1

Unless the Court orders otherwise, no response to a motion for reconsideration is permitted and no hearing is held. Eastern District of Michigan Local Rule 7.1(h)(3). This Court concludes that, with respect to Defendant's Motion for Reconsideration, neither a response brief nor a hearing is necessary.

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3). A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication.

As explained by the United States Court of Appeals for the Sixth Circuit, "[i]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Bank of Ann Arbor v. Everest Nat. Ins. Co.,* 562 F. App'x 473, 476 (6th Cir. 2014) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007)). "Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where the evidence could have been presented earlier." *Id.*

2

After reviewing Defendant's Motion for Reconsideration, this Court concludes that Defendant has not met the applicable standard. Accordingly, **IT IS ORDERED** that Defendant's Motion for Reconsideration is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: September 22, 2020